# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-1486V
### (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
DOREEN STEWART, as Administrator of   *
the Estate of MARIE CAVALLARO,        *      Special Master Corcoran
                                      *
              Petitioner,             *      Filed: October 5, 2017
                                      *
       v.                             *
                                      *      Decision by Stipulation; Damages;
SECRETARY OF HEALTH                   *      Influenza ("flu") Vaccine;
AND HUMAN SERVICES,                   *      Inflammatory Polyneuropathy.
                                      *
              Respondent.             *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*John Robert Howie*, Howie Law, Dallas, TX, for Petitioner.

*Mallori Openchowski*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On November 10, 2016, Doreen Stewart filed a petition on behalf of the Estate of Marie Cavallaro, seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that Ms. Cavallaro suffered from an inflammatory polyneuropathy, leading to her death, as a result of the influenza ("flu") vaccine she received on September 24, 2014.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Respondent denies that the flu vaccine caused Ms. Cavallaro's inflammatory polyneuropathy, any other injury, or her death. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on October 5, 2017) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- a) A lump sum of $370,000.00, which amount represents all available damages, in the form of a check payable to Petitioner, as legal representative of the Estate of Marie Cavallaro; and

- b) A lump sum of $3,139.83, representing reimbursement of the State of New York Medicaid lien, in the form of a check payable jointly to Petitioner and

> New York State Department of Health
> P.O. Box 415874
> Boston, MA 02241.

Stipulation ¶ 8. These amounts represent compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amounts set forth above. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

DOREEN STEWART, as Administrator of the
ESTATE OF MARIE CAVALLARO

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 16-1486V
Special Master Corcoran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Doreen Stewart ("petitioner"), as Administrator of the Estate of Marie Cavallaro ("Ms. Cavallaro"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Ms. Cavallaro's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Ms. Cavallaro received a flu vaccine on or about September 24, 2014.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Ms. Cavallaro suffered an inflammatory polyneuropathy as a consequence of the flu immunization she received on or about September 24, 2014.  Ms. Cavallaro passed away on November 12, 2014.  Petitioner further alleges that Ms. Cavallaro's death was a sequelae of her alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Ms. Cavallaro's behalf as a result of her condition.

6. Respondent denies that the flu vaccine caused Ms. Cavallaro's alleged inflammatory polyneuropathy, any other injury, or her death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> (a) A lump sum of $370,000.00 in the form of a check payable to petitioner, as legal representative of the Estate of Marie Cavallaro, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).
>
> (b) A lump sum of $3,139.83, representing reimbursement of the State of New York
> Medicaid lien, in the form of a check payable jointly to petitioner and
>
> > New York State Department of Health
> > P.O. Box 415874
> > Boston, MA 02241-5874

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.  Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11.  Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.  In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, as legal representative of the Estate of Marie Cavallaro, on her own behalf, and on behalf of the Estate of Ms. Cavallaro's heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Ms. Cavallaro resulting from, or alleged to have resulted from, the flu vaccination administered on or about September 24, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about November 10, 2016, in the United States Court of Federal Claims as petition No. 16-1486V.

13.  Petitioner represents that she presently is duly authorized to serve as Personal Representative of the Estate of Marie Cavallaro, under the laws of the State of New York.  No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as Personal Representative of the Estate of Marie Cavallaro.  If petitioner is not authorized by a court of competent jurisdiction to serve as Personal Representative of the Estate of Marie Cavallaro at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Marie Cavallaro, upon submission of written documentation of such appointment to the Secretary.

14.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Ms. Cavallaro's alleged inflammatory polyneuropathy, any other injury, or death.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns, as legal representatives of the Estate of Marie Cavallaro.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

DOREEN STEWART

ATTORNEY OF RECORD FOR
PETITIONER:

JOHN HOWIE, JR.
HOWIE LAW, PC
2608 Hibernia St.
Dallas, TX 75204
(214) 622-6340

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

NARAYAN NAIR, M.D.
Director, Division of
Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop-08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

MALLORI B. OPENCHOWSKI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-0660

Dated: 10/5/2017