# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-1486V
### (not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| DOREEN STEWART *as Administrator of the* *estate of* MARIE CAVALLARO, | * * * | Special Master Corcoran |
| Petitioner, | * * | Filed: October 18, 2017 |
| v. | * * * | Decision; Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*John Robert Howie*, Howie Law, PC, Dallas, TX, for Petitioner.

*Mallori Browne Openchowski*, U. S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS [1]

On November 11, 2016, Doreen Stewart filed a petition on behalf of the Estate of Marie Cavallaro, seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that Ms. Cavallaro suffered from an inflammatory polyneuropathy, leading to her death, as a result of the influenza vaccine she received on

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

September 24, 2014. The parties eventually filed a stipulation for damages on October 5, 2017 (ECF No. 25), which I adopted as my decision on damages the same day. ECF No. 26.

Petitioner has now filed a motion requesting final attorney's fees and costs, dated October 6, 2017. *See* ECF No. 30. Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $26,798.08 ($26,090.10 in attorney's fees, plus $707.98 in costs). *Id*. at 1. In accordance with General Order No. 9, Petitioner represents that she did not incur any litigation expenses in conjunction with this proceeding. *Id*. at 35. Respondent filed a document reacting to the fees request on October 17, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 31 at 2.

As a successful Vaccine Program Petitioner, Ms. Stewart is entitled to a fees and costs award. Special Masters have found that Vaccine Program practitioners in Dallas, Texas should receive forum rates as established in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). *See, e.g., Foxx v. Sec'y of Health & Human Servs.*, No. 15-670v, 2016 WL 7785861 at *7 (Fed. Cl. Spec. Mstr. Dec. 21, 2016), *Tieu Binh Le v. Sec'y of Health & Human Servs.*, No. 07-895v, 2014 WL 4177732 at *3-4 (Fed. Cl. Spec. Mstr. July 31, 2014); *Whitener v. Sec'y of Health & Human Servs.*, No. 06-895v, 2011 WL 1467919 at *7 (Fed. Cl. Spec. Mstr. March 2011). I have previously awarded the requested rates to Petitioner's counsel—John Robert Howie Esq. *See Villa v. Sec'y of Health & Human Servs.*, No. 16-295V, *slip op.* (Fed Cl. Spec. Mstr. Oct. 10, 2017). In addition, the hours expended on this matter appear to be reasonable. Finally, the requested litigation costs appear to be reasonable, and will also be awarded.

I hereby GRANT Petitioner's motion for attorney's fees and costs. Accordingly, an award of **$26,798.08** should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, John Robert Howie, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.